IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT GILES, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 17-cv-03650(JBS-AMD) |
| C.C.C.F.; FORMER WARDEN ERIC TAYLOR; FORMER DEPUTY WARDEN FRANK LEBERTO; CAMDEN COUNTY CLERK JOSEPH RUSA; WARDEN DAVID OWENS; WARDEN KATE TAYLOR, | **OPINION** |
| Defendants. | |

APPEARANCES:

Robert Giles, Plaintiff Pro Se
875 N. 48th Street
Philadelphia, PA 19139

**SIMANDLE, District Judge:**

I.   **INTRODUCTION**

Plaintiff Robert Giles seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against C.C.C.F.; Former Warden Eric Taylor; Former Deputy Warden Frank Leberto; Camden County Clerk Joseph Rusa; Warden David Owens and Warden Kate Taylor for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will proceed in part.

## II. BACKGROUND

The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff alleges he endured unconstitutional conditions of confinement in CCCF as he was confined in an overcrowded, unsanitary facility. Complaint ¶ 6. His complaint states: "I wore a neck/upper back brace for a duration of my [illegible] year due to thoracic scoliosis. I explained this to medical staffing and higher authorities in CCCF so sleeping on the floor with 3 and 4 people in a 2 person cell made it impossible to position myself correctly for a comfortable sleep, so I routinely suffered from severe pain in my neck and upper back. At most times my shoulders and arms even my finders were numb, I couldn't function physically. Having to constantly wake up to reposition myself due to the fact that other inmates had to urinate on defecate and I'm sleeping with my head rite [sic] next to the toilet bowl. That is unsanitary and not human. I broke out in multiple rashes on my face due to the dirty barbering equipment. Also a fungus on the back of my neck which

I was told it was a dermatitis, impetigo or maybe ringworm. Still till this day I have a bad rash on the back of my neck right now. I ask for medical attention and was overcharged of my funds in my account, due to being on the floor, I've been bit by insects and had a bad infection on the inside of my thigh. Suffered from MRSA infections due to bad linen changing and bad laundry. I also have a hernia from sleeping on the cement floor. Forced to keep my legs under the bed which is 6" from the floor. Trying to reposition yourself is a strenuous task which I discovered from doing so one night and felt tearing pain from sleeping on the floor I also have cervical vertebra misalignment and cervical pain through my neck, upper should and back. The pain is unbearable and not even the Motrin or Tylenol they gave me here can subside it. Being in this jail had me infected with the skin termites scabies from my feet all the way to my head and deep in my scalp. I have had treatments of [illegible] to rid of those terminates, all of these things happen to me during incarceration at CCCF. I followed all the staffs instruction and still nothing had been done to help. All my medical conditions are from CCCF." *Id.*

Plaintiff states he was detained at CCCF between April 12, 2011 and December 9, 2011; November 21, 2012 and December 10, 2012; July 21, 2013 and August 23, 2013; and November 28, 2016 to present. Complaint ¶ 2.

Plaintiff requests monetary and injunctive relief.
Complaint ¶ 6.

## III. STANDARD OF REVIEW

### A. Standards for a Sua Sponte Dismissal

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

28 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. DISCUSSION**

Plaintiff alleges he experienced unconstitutional conditions of confinement at CCCF due to overcrowding.

Plaintiffs claim will be proceeded in part and dismissed in part.

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell*, 441 U.S. at 542). Overcrowding leading to conditions that "cause inmates to endure such genuine privations and hardship over an extended period of time" and that "become excessive in relation to the purposes assigned to them" does constitute unconstitutional punishment, however. *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (internal citations and quotation marks omitted).

The claims against CCCF must be dismissed with prejudice because it is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp.

537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

Further, the Complaint must be dismissed against Camden County Clerk Joseph Rusa as Plaintiff does not allege sufficient facts against this defendant.

Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently stated a claim for unconstitutional conditions of confinement against Former Warden Eric Taylor, Former Deputy Warden Frank Leberto, Warden David Owens and Warden Kate Taylor. Specifically, he alleges that the overcrowded conditions led to exacerbation of his neck/ back injuries which he had informed the staff he suffered from, unsanitary conditions which led to rashes and infections, as well as insect and rodent infestations. Considering the totality of the circumstances alleged by Plaintiff, the Court finds that he has sufficiently pled that he experienced unconstitutionally punitive conditions at CCCF. The claim shall therefore be permitted to proceed against the wardens in their individual capacities.

However, to the extent the complaint seeks relief for conditions Plaintiff encountered during periods of confinement ending prior to May 19, 2015, those claims are barred by the statute of limitations and must be dismissed with prejudice, meaning that Plaintiff cannot recover for those claims because

7

they have been brought too late.[1] Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

Plaintiff alleges the events giving rise to his claims occurred while he was detained in the CCCF between April 12, 2011 and December 9, 2011; November 21, 2012 and December 10, 2012; July 21, 2013 and August 23, 2013; and November 28, 2016 to present. Complaint ¶ 2. The allegedly unconstitutional conditions of confinement at CCCF, namely the overcrowding, would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims arising from his incarcerations of April 12, 2011 and December 9, 2011; November 21, 2012 and December 10, 2012; July 21, 2013 and August 23, 2013, expired before this complaint was filed in 2017. Plaintiff therefore cannot recover

---

[1] Plaintiff filed this complaint on May 19, 2017.

for these claims.[2] Plaintiff's conditions of confinement claims may proceed against Former Warden Eric Taylor, Former Deputy Warden Frank Leberto, Warden David Owens and Warden Kate Taylor, however, only with respect to the claims related to the incarceration of November 28, 2016 to the present.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Complaint is dismissed in part and shall proceed in part. The complaint is dismissed with prejudice at to the CCCF, dismissed without prejudice as to Camden County Clerk Joseph Rusa, and shall proceed on the due process claims against Former Warden Eric Taylor, Former Deputy Warden Frank Leberto, Warden David Owens, and Warden Kate Taylor.

An appropriate order follows.

**October 19, 2017**              **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  U.S. District Judge

---

[2] Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).